RECEIVED CLERK

NOV 23 2016

U.S. DISTRICT COURT

**NEIL SKOUSEN (10064)**
**Attorney at Law**
P.O. Box 1771
Orem, Utah 84059
Tel: (801) 376-6666
Fax: (801) 225-4006
E-mail: Ndskousen@aol.com

*Counsel for Plaintiff.*



# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES ALLEN EVANS,<br>  Plaintiff,<br><br>vs.<br><br>COATES ELECTRICAL &<br>INSTRUMENTATION INC.,<br>*a domestic corporation,*<br>  Defendant. | **COMPLAINT**<br><br>( Case: 2:16cv01196<br>Assigned To : Kimball, Dale A.<br>Assign. Date : 11/23/2016<br>Description: Evans v Coates Electrical &<br>]   Instrumentantion<br><br><br>**Jury Trial Demanded** |

## NATURE OF THE CASE

This is an action under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e, et seq., Title I of the Civil Rights Act of 1991, and the Utah Anti-discrimination Act of 1965 ("UADA"), all Acts as amended, to correct unlawful employment discrimination practices on the basis of race-Black, hostile work environment, and retaliation for complaining about race discrimination, and to provide appropriate relief to Plaintiff, James Allen Evans ("Evans" or "Plaintiff"), who was adversely affected by such unlawful practices.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

2. Plaintiff, James Allen Evans, a resident of Salt Lake County, State of Utah, is the alleged aggrieved party and is therefore authorized to bring this action by Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e, et seq., Title I of the Civil Rights Act of 1991, and the Utah Anti-discrimination Act of 1965 ("UADA"), all Acts as amended, and other applicable laws cited herein.

3. Defendant, Coates Electrical & Instrumentation Inc. ("Coates" or "Defendant"), is a domestic corporation based in Ogden, Utah. At all relevant times in this action, Plaintiff maintained an employer-employee relationship with Defendant Coates in the State of Utah. *See* Oestman v. National Farmers Union Insurance Co., 958 F.2d 303, 305 (10th Cir. Ct. 1992).

4. The corporate address for Defendant is: 2459 S. 1760 W., Ogden, Utah 84401.

5. At all relevant times in this action, Defendant employed more than 15 employees in Utah and/or in the United States.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337 and 1343. This action is authorized and instituted pursuant to Title VII, the Civil Rights Act of 1991, and the UADA.

7. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. At all relevant times, Defendant was and is an employer engaged in the business of electrical work, instrumentation, construction, and other related services or industries, affecting interstate commerce pursuant to the applicable provisions of the Title VII, the Civil Rights Act of 1991, and the UADA.

9. Plaintiff received his Notice of Right to Sue letter from EEOC on August 29, 2016 and Plaintiff has filed this Complaint and EEOC Notice of Right to Sue letter with the U.S. District Court, Salt Lake City, Utah, within ninety (90) days of receiving the above-referenced EEOC Notice of Right to Sue letter. The EEOC Notice of Right to Sue letter, dated August 26, 2016, is attached to this Complaint.

## STATEMENT OF FACTS

10. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

11. Plaintiff Evans is a male and his race is Black.

12. Evans was placed with and employed by Coates, through TradeForce, a staffing agency, as an Apprentice Electrician for a workplace project in April 2015.

13. Coates controlled and dictated the means and manner of Evans work duties and job performance.

14. Evans was under the direct supervision of Coates.

15. There existed an employer-employee relationship between Coates and Evans.

16. On or about April 8, 2015, while employed and working for the Coates company, a Coates Foreman/Manager, Brandon Hansen ("Foreman" or "Hansen") used racist slurs at Mr. Evans by calling him "boy" at least twice, in a racist manner and with racist intent, while Mr. Evans was looking for a tool in the tool shed.

17. The Foreman demanded to know what Evans was doing in the tool shed. Evans replied to the Foreman that he was directed by his Supervisor to the tool shed to look for a needed tool.

18. The Foreman told Evans, "Boy, you work for me."

19. Evans told the Foreman to stop calling him "boy" because that term used is racist when used against or directed at a person of the Black race.

20. The Foreman ignored Evans' plea to stop the use of that racist term. The Foreman ignored Evans complaint about race discrimination.

21. Mr. Evans told the Foreman he was going to complain to Coates, the employer, and TradeForce, the staffing agency, about this race discrimination and harassment.

22. The Foreman then retaliated by telling Mr. Evans, "Boy, take off that harness. You are out of here. You're fired."

23. The Foreman was and is well aware that the use of the word "boy" used towards a Black man in the workplace is considered a racist slur.

24.    On or about April. 8, 2015, Evans complained to Coates and TradeForce but nothing substantive was done to address his complaint about discrimination, racism, harassment, and retaliation in the workplace.

25.    On several occasions, Mr. Evans approached TradeForce about refinery jobs and other job openings which were posted as job openings by TradeForce.

26.    Evans was available to work but TradeForce refused to hire him or place him in these job openings in the Salt Lake area because Coates refused to allow Evans to work on any Coates project and because Evans complained about race discrimination and retaliation.

27.    TradeForce representatives told Evans they could not place him in any of the job openings posted open for hire in the Salt Lake City area where Coates was assigned to a job or project.

28.    Mr. Evans was discriminated against on the basis of race and was subjected to retaliation, harassment, hostile work environment, and wrongful termination after complaining about and reporting race discrimination and retaliation to Coates and TradeForce Staffing.

29.    As a direct and proximate result of Respondent's conduct, as alleged above, Evans has suffered substantial harm and damages and is entitled to equitable and monetary relief and damages to be proven at the administrative hearing in this matter.

30.     Evans alleges and asserts the actions of Respondent are in violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and the Utah Anti-Discrimination Act of 1965, all Acts as amended.

## I. FIRST CLAIM FOR RELIEF - RACE DISCRIMINATION
### (in violation of Title VII and UADA)

31.     Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

32.     Based upon the allegations herein, Evans alleges he was discriminated against on the basis of race-Black, in that:

(a) Evans is a member of a protected class, race-Black;

(b) Evans was qualified for the job position;

(c) Evans was subjected to an adverse employment action; and,

(d) The circumstances surrounding the adverse action give rise to an inference of

race discrimination perpetrated by Coates against Evans.

33.     Defendant's gross misconduct was in violation of the Title VII, the Civil Rights Act of 1991, UADA, and other applicable laws which provide Plaintiff a remedy of punitive damages. Defendant's gross misconduct was done with malice and with a knowing, callous, and reckless indifference to the state and federally-protected rights of Plaintiff for which Plaintiff is entitled to an award of punitive damages to be proven at trial, pursuant to 42 U.S.C. §1981 and other applicable laws.

## II. SECOND CLAIM FOR RELIEF - HOSTILE WORK ENVIRONMENT AND HARASSMENT
### (in violation of Title VII and UADA)

34.     Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

35.     Based on the above allegations, Evans alleges he suffered harassment and hostile work environment based on his race-Black, in that:

(a) Evans is a member of a protected class, race-Black;

(b) Evans was subjected to unwelcome and unwanted conduct and the conduct complained of was based on race; and,

(c) The harassment complained of was sufficiently severe and/or pervasive as to alter the terms and conditions of his employment, creating a hostile work environment.

36.     Defendant's gross misconduct was in violation of Title VII, the Civil Rights Act of 1991, UADA, and other applicable laws.  Defendant's gross misconduct was done with malice and with a knowing, callous, and reckless indifference to the state and federally-protected rights of Plaintiff for which Plaintiff is entitled to an award of punitive damages to be proven at trial, pursuant to 42 U.S.C. §1981 and other applicable law.

## III. THIRD CLAIM FOR RELIEF - RETALIATION
### (in violation of Title VII and UADA)

37.     Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

38.     Based upon the above allegations, Evans alleges he was subjected to retaliation, in that:

(a) Evans engaged in protected opposition to discrimination;

(b) Evans was subject to an adverse employment action subsequent to or contemporaneous with the protected activity; and,

(c) There is a causal connection between the protected activity of complaining about race discrimination and the adverse employment action when Evans was wrongfully terminated by Coates and Evans was barred by Coates and TradeForce from working on any subsequent Coates job or projects.

39.     Defendant's gross misconduct was in violation of Title VII, the Civil Rights Act of 1991, UADA, and other applicable laws. Defendant's gross misconduct was done with malice and with a knowing, callous, and reckless indifference to the state and federally-protected rights of Plaintiff for which Plaintiff is entitled to an award of punitive damages to be proven at trial, pursuant to 42 U.S.C. §1981 and other applicable law.

**REQUEST FOR ATTORNEY'S FEES, COSTS, and PLAINTIFF'S EXPENSES**

40.     Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

41.    Plaintiff has been required to retain counsel and therefore is entitled to reasonable attorney's fees, costs, and out of pocket expenses pursuant to Title VII, UADA, and other applicable laws cited herein this Complaint.

## PRAYER

Plaintiff respectfully prays for and requests the Court to award Plaintiff the following relief:

1.  Back pay and benefits with prejudgment interest thereon in an amount to be proven at trial;

2.  Front pay and benefits, future pecuniary loss, severe emotional distress, pain and suffering, medical costs, inconvenience and compensatory damages in an amount to be proven at trial;

3.  All damages associated with Plaintiff's medical and psychological harms in amounts to be proven at trial;

4.  For punitive damages in an amount to be proven at trial;

5.  Pre-judgment and Post-judgment interest on all categories of damages as allowed by law;

6.  For Plaintiff's reasonable attorney's fees, costs, and out of pocket expenses in this action;

7.  A positive letter of reference and positive employment reference in Plaintiff's personnel file;

8. An order requiring Defendant to conduct ongoing Title VII and UADA training with all its executives, officers, management, supervisors, and employees, to promote an employment atmosphere free from discrimination, hostility, and retaliation, and submit proof thereof to the Equal Employment Opportunity Commission and the Utah Antidiscrimination & Labor Division of the Utah Labor Commission, for a period of two (2) years; and,

9. Grant any and all other remedies, equitable relief, and damages as the Court deems necessary and proper on behalf of Plaintiff and in the public interest.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

RESPECTFULLY SUBMITTED this 23rd day of November, 2016.


_/s/ Neil Skousen_
Neil Skousen
Attorney for Plaintiff

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: James Evans | From: Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 35C-2015-00342 | Cherrie Y. Martin,<br>State & Local Program Manager | (602) 640-5064 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Elizabeth Cadle,
Acting District Director

08/26/2016
(Date Mailed)

Enclosures(s)

cc: COATES ELECTRICAL & INSTRUMENTATION
2459 S 1760 W
Ogden, UT 84401

Neil Skousen
Attorney At Law
Box 1771
Orem, UT 84059