# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **JAMES ALLEN EVANS**<br>    Plaintiff,<br><br>v.<br><br>**COATES ELECTRICAL &**<br>**INSTRUMENTATION INC.,**<br>*a domestic corporation,*<br>    Defendant. | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>Case No. 2:16-cv-01196-DAK<br><br>Judge Dale A. Kimball |

This matter comes before the court on Defendant Coates Electrical & Instrumentation Inc.'s ("Coates") Motion to Dismiss claims brought by Plaintiff James Allen Evans ("Evans") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Evans failed to state a claim upon which relief can be granted.

The court held a hearing on the motions on June 1, 2017. At the hearing, Evans was represented by Neil Skousen and Coates was represented by Ashley Leonard. The court took the motion under advisement. Having heard arguments and considered the motions, memoranda, facts, and relevant law, the court DENIES Defendant's Motion to Dismiss as to the discrimination and retaliation claims and GRANTS Defendant's Motion to Dismiss as to the hostile work environment claim.

## BACKGROUND

Evans' staffing agency, TradeForce, assigned him to work as an Apprentice Electrician for Coates in April 2015. On April 8, 2015, Evans had an interaction with a Coates Project Manager named Brandon Hansen ("Hansen"), which resulted in this suit.

Evans alleges his supervisor sent him to retrieve a tool from the toolshed. Hansen saw Evans in the toolshed and asked what Evans was doing. Evans told Hansen he was looking for a tool as directed by his supervisor. Hansen responded, "Boy, you work for me."

Evans requested Hansen not call him "boy." When Hansen did not stop using the term, Evans told Hansen he was going to complain to Coates and TradeForce about race discrimination. In response, Hansen said, "Boy, take off that harness. You are out of here. You're fired."

Evans complained to Coates and TradeForce, but nothing was done to address his discrimination complaint. TradeForce refused to assign Evans to any more job openings for projects associated with Coates. Plaintiff complained to the EEOC and, after receiving his Notice of Right to Sue letter, filed his Complaint.

Evans' Complaint includes three causes of action under Title VII of the Civil Rights Act and the Utah Anti-Discrimination Act ("UADA"): race discrimination, hostile work environment, and retaliation.

## DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the court to dismiss any part of a complaint that "fail[s] to state a claim upon which relief can be granted." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). The court accepts all well-plead allegations of the complaint as true and views the complaint in a light most favorable to the non-moving party. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1144 (10th Cir. 2013). To survive dismissal under Rule 12(b)(6), plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Berneike*, 708 F.3d at 1144–45 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## I. MOTION TO DISMISS THE DISCRIMINATION CLAIM

Coates seeks to dismiss Evans' claim for failing to provide facts suggesting Hansen used the term "boy" in a racist manner. Coates explains that in *Ash v. Tyson Foods, Inc.*, the court held that, even with contextual evidence of racism, a reasonable jury could find that use of the term "boy" was not enough evidence of discrimination. 664 F.3d 883, 897 (11th Cir. 2011). Thus, it argues, the facts Evans alleges surrounding his interaction with Hansen do not rise to the level needed to plead a discrimination claim. The court disagrees.

The procedural history of *Ash* is complicated. After the very first trial, a jury returned a verdict in favor of the plaintiffs' discrimination claims, which involved their employer's use of the term "boy." *Ash v. Tyson Foods, Inc.,* Civ.A. 96–RRA–3257–M, 2004 WL 5138005 at *1 (N.D.Ala. 2004). However, the United States District Court, District of Alabama held that use of the term "boy" without any modifications, qualifications, or racial classifications was not enough evidence of discrimination and granted defendant's motion for judgement as a matter of law. *Id.* at *6, *10.

The Circuit Court affirmed. After granting certiorari, the Supreme Court held that the term "boy," standing alone, is not always benign. *Ash*, 126 S.Ct. 1195, 1197 (2006). The Supreme Court stated that "[t]he speaker's meaning may depend on various factors including context, inflection, tone of voice, local custom, and historical usage." *Id.* The court then vacated and remanded the case back to the Circuit Court, which held that there was no evidence to support the term was used in a racist context. *Ash,* 190 F. App'x 924, 927 (11th Cir. 2006). The

Circuit Court reinstated its earlier decision and remanded to the District Court for a new trial to resolve disputes in damages claims.

At the new trial, a jury again returned a verdict in favor of one of the plaintiffs' discrimination claims and awarded damages. The district court allowed the compensatory damages, but set aside the punitive damages. The parties again appealed, and the appellate court reversed and remanded, holding that no reasonable jury could have found that racial discrimination motivated the failure to promote plaintiffs in that case. *Ash,* 392 F. App'x 817, 833 (11th Cir. 2010). On reconsideration, the opinion was vacated, and the court affirmed the district court's holding. *Ash,* 664 F.3d at 907.

The fact that the Supreme Court remanded the case back to the circuit court for a determination regarding the defendant's use of the term "boy" supports this court's conclusion to allow the discrimination claim to survive the Motion to Dismiss. Because use of the term "boy," even without modifiers, is potentially probative of discrimination and can be understood in light of the Supreme Court's list of factors, Evans' Complaint alleges enough facts to make his discrimination claim plausible. Allowing the claim to move on in the litigation process is necessary to give the parties an opportunity to better understand how Hansen used the term.

Furthermore, Evans' Complaint asserts that Hansen is a white male and was speaking to Evans, a Black male. This provides some context for the use of the term "boy," especially considering how the context would change if the speaker were addressing a child. Furthermore, the Complaint states that Hansen "ignored Evans [sic] complaint about race discrimination." (Complaint ¶20). This fact provides more context by suggesting that Hansen was aware of the discriminatory nature of the word even as he used it. Thus the court concludes that the discrimination claim survives Coates' Motion to Dismiss.

## II. MOTION TO DISMISS THE HOSTILE WORK ENVIRONMENT CLAIM

Evans argues that discovery will allow him to bolster his hostile work environment claim. Several Tenth Circuit cases have held that isolated incidents or mere offensive utterances are not enough to create a hostile work environment:

> [C]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment -- an environment that a reasonable person would find hostile or abusive -- is beyond Title VII's purview. . . . Factors to consider include the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

*Harsco Corp. v. Renner*, 475 F.3d 1179, 1187 (10th Cir. 2007) (quotations omitted).

Evans has alleged no facts to suggest the exchange he had with Hansen was more than an isolated incident. See *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) ("A plaintiff cannot meet this burden by demonstrating a few isolated incidents of racial enmity or sporadic racial slurs. Instead, there must be a steady barrage of opprobrious racial comments." (quotations omitted)). Considering the brief amount of time Evans worked with Coates, the court concludes that discovery would not reveal the additional facts necessary to support his claim. The hostile work environment claim is therefore dismissed.

## III. MOTION TO DISMISS THE RETALIATION CLAIM

Coates argues that, because it was not Evans' employer, it could not have subjected Evans to any materially adverse action, and thus could not have retaliated against him. The court disagrees.

First, this circuit uses, among others, the Joint Employer test to determine if an individual is an employee under 42 U.S.C. 2000e et seq. The Joint Employer test provides clarification when a plaintiff ". . . who is the employee of one entity [seeks] to hold another entity liable by claiming that the two entities are joint employers. This joint-employer test acknowledges that the

two entities are separate, but looks to whether they co-determine the essential terms and conditions of employment." *Bristol v. Bd. of Cty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002).

> Most important to control over the terms and conditions of an employment relationship is the right to terminate it under certain circumstances. Additional factors courts consider for determining control under the joint employer test include the ability to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; day-to-day supervision of employees, including employee discipline; and control of employee records, including payroll, insurance, taxes and the like.

*Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014) (quotations omitted).

Evans alleges that "Coates controlled and dictated the means and manner of [his] work duties and job performance" and supervised his work. (Complaint ¶¶13-14). Furthermore, he alleges that Coates dismissed him from the work project. Coates' distinction between a "dismissal" and a "termination" is inconsequential; if Coates had the power to get Evans off of the project, whether through dismissal or termination, it had some semblance of control over the terms and conditions of his employment. Taking the facts in Evans' Complaint as true, it is plausible Coates was his employer.

Second, a materially adverse action is something that is "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 56, (2006) (quoting *Rochon* v. *Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). Once again, the distinction between a termination and a dismissal is irrelevant; the real issue is whether a reasonable employee would be dissuaded from charging his employer with discrimination if he knew it would lead to dismissal.

Because the facts alleged in Evans' Complaint support a conclusion that Coates was his employer under the joint employer test and did subject him to a materially adverse action as

defined in case law, the court concludes that Evans' retaliation claim is plausible and survives the Motion to Dismiss.

## CONCLUSION

For the reasons stated above, Coates' Motion to Dismiss is DENIED IN PART and GRANTED IN PART.

DATED this 12th day of June, 2017.

DALE A. KIMBALL
United States District Judge