# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAMES ALLEN EVANS,<br><br>　　　　　　Plaintiff,<br>v.<br><br>COATES ELECTRICAL & INSTRUMENTATION,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-01196<br><br>District Judge Dale A. Kimball |

　　　　This matter is before the court on Defendant Coates Electrical & Instrumentation's (Coates Electrical) Motion for Summary Judgment. On May 17, 2018, the court held a hearing on the motion. At the hearing, the Plaintiff James Allen Evans (Evans) was represented by Neil D. Skousen and Coates Electrical was represented by Ryan P. Atkinson and Jessica J. Johnston. The court took the motion under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

　　　　This case involves a claim for racial discrimination. Evans used the staffing agency TradeForce to find temporary employment. Tradeforce assigned Evans to work as an Apprentice Electrician for Coates Electrical in April 2015. On April 8, 2015, Evans had an interaction with Brandon Hansen, a project manager for the company. The altercation forms the basis of this suit.

　　　　Evans, who is black, was sent by his supervisor to retrieve a tool from the toolshed. Hansen saw Evans in the toolshed and asked what Evans was doing. Evans told Hansen he was looking for a tool as directed by his supervisor. Hansen responded, "Boy, you work for me."

Evans requested Hansen not call him "boy." When Hansen did not stop using the term, Evans told Hansen he was going to complain to Coates Electrical and TradeForce about race discrimination. In response, Evans alleges that Hansen said, "Boy, take off that harness. You are out of here. You're fired."[1] *See* James Evans Depo. (Dkt. No. 32-1 at 27).

Evans says that he complained to Coates Electrical and TradeForce, but nothing was done to address his discrimination complaint. TradeForce refused to assign Evans to any more job openings for projects associated with Coates Electrical. Plaintiff complained to the EEOC and, after receiving his Notice of Right to Sue letter, filed his Complaint.

Evans claims that: (1) Coates Electrical discriminated against him when Hansen called him "boy" and terminated him from the project; (2) Coates Electrical retaliated against him when Evans asked Hansen to not call him "boy" and then Hansen proceeded to call him "boy" again and fired him from the project; and (3) Coates Electrical is liable for punitive damages because it acted with malice or reckless indifference for Evans' federally protected rights.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion of summary judgment, the court views "all facts [and evidence] in the light most favorable to the party opposing summary judgment." *S.E.C. v. Smart*, 678 F.3d 850, 856 (10th Cir. 2012) (quoting *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008)). The movant must prove that no genuine issue of material fact exists for trial. *See* Fed. R. Civ. P. 56(a); *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010).

---

[1] Although Hansen seems to admit that he called Evans "boy" when initially confronting him, there is a dispute over whether Hansen called Evans "boy" a second time when terminating him from the job. Because this fact is in dispute, the court must view all the facts in the light most favorable to the nonmoving party. The court is therefore not able to accept Hansen's depiction of the termination on summary judgment.

Accordingly, to survive summary judgment, "the nonmoving party must come forward with specific facts showing there is a genuine issue for trial." *Smart*, 678 F.3d at 858 (quoting *L & M Enters. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000)).

## DISCUSSION

Coates Electrical filed this motion for summary judgment arguing that there are no disputes as to any material facts and that Coates Electrical is entitled to judgment as a matter of law. Specifically, Coates Electrical moves for summary judgment on Evans' claims for: (1) racial discrimination; (2) retaliation; and (3) punitive damages. For the reasons that follow, the court grants summary judgment on Evans' punitive damages claim and denies summary judgment on his racial discrimination and retaliation claims.

1. **There Are Disputes of Material Facts On Evans' Racial Discrimination Claim.**

Evans claims he was unlawfully discriminated against based on his race. To establish a claim for disparate treatment discrimination under Title VII of the Civil Rights Act and the Utah-Discrimination Act, a Plaintiff must establish that (1) he was a member of a protected group; (2) he was qualified for the job; (3) he was subjected to an adverse employment action; and (4) someone of a different class was or would have been treated differently under the same or substantially similar circumstances. *McDonald Douglas Corp. v. Green,* 411 U.S. 793 (1973).

Coates Electrical concedes that Evans was a member of a protected class, was qualified for the job, and was eventually terminated from the project. Coates Electrical instead argues that there is no evidence to satisfy the fourth prong that the Plaintiff was treated less favorably than other employees or was otherwise terminated under circumstances that give rise to an inference of unlawful discrimination.

The Supreme Court listed five non-exhaustive factors which may indicate whether the word [boy] is evidence of racial animus, "context, inflection, tone of voice, local custom, and historical usage." *Ash v. Tyson Foods, Inc.,* 126 S.Ct. 1195, 1197 (2006). On remand the 11th Circuit applied the factors laid out by the Supreme Court and found that there was insufficient evidence to conclude that the employer's adverse employment action was pretextual. *See Ash v. Tyson Foods, Inc.,* 190 Fed. Appx. 924 (11th Cir. 2006).

In *Ash*, the Plaintiff claimed that he was denied a promotion because of his race. As evidence, the Plaintiff asserted that his supervisor had called him "boy" on multiple occasions. The Plaintiff argued that his employer calling him "boy" was evidence of racial animus that later led to him not being promoted. In that case the person who was promoted instead of him had superior qualifications, superior recommendations, and had more experience. The court determined that "the comments were ambiguous stray remarks not uttered in the context of the decisions at issue and are not sufficient circumstantial evidence of bias to provide a reasonable basis for a finding of racial discrimination in the denial of the promotion." *Ash*, 190 at 926. The court held that the Plaintiff provided insufficient evidence of bias to prove that the employer's non-discriminatory reason for not promoting the Plaintiff was pre-textual because the person who was promoted had superior qualifications. *Id.*

Evans' case is easily distinguishable from *Ash*. Here, Evans asserts that while he was looking for a tool as instructed by his supervisor, Hansen responded, "Boy, you work for me." *See* James Evans Depo. (Dkt. No. 32-1 at 27). After telling Hansen that the term "boy" was derogatory, Hansen allegedly responded "Boy, take off that harness. You are out of here. You're fired." *Id.* Evans stated in his deposition that Hansen "took 2-3 aggressive steps towards Evans to confront him. That Hansen's voice was in a sarcastic tone and in overwhelming power and

authority mode/tone as he confronted Evans. That Hansen's face was consumed with extreme anger [when] confronting Evans. That Hansen had a smirky expression on his face appearing to be extremely annoyed as he confronted Evans." *Id*. at 78-80.

In applying the five *Ash* factors as laid out by the Supreme Court, the court finds that there is sufficient evidence to allow a reasonable jury to find racial animus. The non-exhaustive factors the Supreme Court cited are "context, inflection, tone of voice, local custom, and historical usage." Evans described Hansen's context, inflection, and tone of voice as aggressive, angry, and annoyed when calling him "boy". *Id.*

As to local custom and historical usage, neither party has cited a case where a court has applied these factors. The Defendant asserted at oral argument that the term "boy" is not racist in Utah because Utah is a predominately Caucasian state and there is not a long history in the state of the term being derogatory. The Defendant argued there might be a valid discrimination case in Alabama where it is widely known that "boy" is a racist term, but the local custom and historical usage in Utah requires a different finding. Although the Supreme Court did not elaborate on how to analyze local custom and historical usage in determining whether the term "boy" was used with racial animus, the fact that Evans allegedly informed Hansen that the word "boy" was racist should have put Hansen on notice. There is evidence of racial animus because Hansen allegedly became angry when Evans complained of the discriminatory conduct and after the complaint Hansen called Evans "boy" a second time and terminated him. Accordingly, Evans has established a prima facie case for discrimination.

*Pretext*

If the court determines that the Plaintiff has established a prima facie case for discrimination the burden of persuasion shifts to the employer to articulate a legitimate, non-

discriminatory reason for its treatment of the plaintiff. *McDonnell Douglas*, 411 at 793. The Defendant need not prove that the non-discriminatory reason was correct, only that there was a legitimate reason that was not discriminatory against a protected class. Once the Defendant produces evidence of a legitimate non-discriminatory reason for the adverse employment decision the burden shifts back to the Plaintiff to prove that the reason was pretextual.

Coates Electrical argues that it did not discriminate against Evans and that the reason he was fired was because Evans was insubordinate to Hansen and therefore should not have talked back to someone senior to him. Coates Electrical argues that it employs many workers and that its hierarchical management is necessary to run projects smoothly. Coates Electrical therefore argues that insubordination was the reason Evans was fired.

Evans responds that Coates Electrical's non-discriminatory reason of insubordination was pre-textual and that he was actually fired because of racial discrimination. As evidence of pre-text Evans argues that Hansen called him "boy" in an aggressive and derogatory manner, and that after he told Hansen to stop calling him boy Hansen proceeded to terminate him from the project. *See* James Evans Depo. (Dkt. No. 32-1 at 27).

The court finds that this case is easily distinguishable from *Ash* where there was a valid nondiscriminatory reason for the adverse employment action. In *Ash* there was a length of time that passed from the time the Plaintiff was called "boy" and the adverse employment action that made it difficult to find a causal connection. Also, in *Ash* the Defendant demonstrated that it promoted someone with superior qualifications to the position. Here, the term "boy" was used in the same conversation as Evans' termination. Additionally, Evans contends that he asked Hansen not to call him "boy" and that Hansen proceeded to call him "boy" again and terminate him. *Id.* The close proximity in the time from the alleged discriminatory conduct and the adverse

employment action, coupled with the *Ash* factors that suggest evidence of racial animus are evidence that Coates Electrical's proffered non-discriminatory reason of insubordination was pre-textual. The court finds that Evans has presented sufficient evidence that a reasonable jury could conclude that Coates Electrical discriminated against Evans on the basis of his race. Accordingly, summary judgment is denied on Evans' race discrimination claim.

   2. **There is Sufficient Evidence for a Jury to Conclude that Hansen Retaliated Against Evans.**

Evans asserts that Hansen retaliated against him by terminating him from the project after he asked Hansen not to call him "boy" because referring to a grown black man by that term is racists. *See* James Evans Depo. (Dkt. No. 32-1 at 27). Evans said "I'm going to report this… to TradeForce and Coates." *Id*. at 28. Hansen responded "Boy, take off that harness. You're out of here." *Id*.

To establish a prima facie claim of retaliation, Plaintiff must show: (1) he engaged in a protected activity; (2) the employer knew of the activity; (3) he was subjected to an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *Miller v. Auto Club,* 420 F.3d 1098, 1119-20 (10th Cir. 2005).

Evans has established a prima facie case from which a jury could find retaliation. Evans engaged in protected activity when he told Hansen not to call him "boy", a name with a long history of racism. If Hansen did not know the term "boy" was racist when he first used the word then he should have at least have been put on notice after Evans informed him that the word was racist. Evans was subjected to an adverse employment action when he was fired after complaining to Hansen about his discriminatory language. Finally, there is a causal connection between the protected activity of complaining about racism and Hansen terminating Evans. A reasonable jury can conclude from the facts alleged that Hansen retaliated against Evans for

7

complaining about being called "boy".[2] Accordingly, summary judgment is denied on Evans' retaliation claim.

### 3. There is Insufficient Evidence to Establish Punitive Damages.

A Title VII plaintiff may receive an award of punitive damages if his or her employer "engaged in a discriminatory practice or discriminatory practices with malice or reckless indifference to [Plaintiff's] federally protected rights." *Medlock v. Ortho Biotech,* 164 F.3d 545, 551 (10th Cir. 1999). Here, although Hansen's actions may have been discriminatory there is insufficient evidence to establish malice or reckless indifference to Plaintiff's federally protected rights. Accordingly, summary judgment is granted in favor of Defendant on the punitive damages claim and the claim is dismissed.

## CONCLUSION

Based on the above reasoning, Defendant's Motion for Summary Judgment is GRANTED in part on the Punitive Damages claim and DENIED on the Race Discrimination and Retaliation claims.

Dated this 23rd day of May, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge

---

[2] There is some confusion around what Evans is claiming as retaliation. Evans asserts in his complaint, opposition, and at the hearing that his retaliation claim is based on Hansen firing him after complaining about being called "boy". The Defendant seeks summary judgment on the retaliation claim arguing that it did not retaliate against Evans for failing to employ him on additional projects because TradeForce, not Coates Electrical had decided that he would no longer be assigned to new Coates Electrical projects. The court agrees that because TradeForce was not deposed there are no facts to establish that Coates Electrical affirmatively told TradeForce that he could no longer work on Coates Electrical projects. However, Evans claim for retaliation is based on Hansen firing him from Coates Electrical after he complained about racial discrimination, not based on the fact that Coates Electrical may have directed TradeForce not to assign him to new projects.